M. H. BURKS and wife *v.* TILMAN LOGGINS and wife, et al.

1. HUSBAND AND WIFE: DEALING BETWEEN REGARDED WITH JEALOUSY.—
   Any transaction by which the separate property of the wife becomes vested
   in the husband is regarded with scrutiny and jealousy by a court of equity;
   and it is incumbent on the husband and those claiming under him with
   notice of the wife's rights to show that it was honest and fair, and such as
   in equity and good conscience the wife ought to have acceded to.  See
   *Pennington* v. *Acker*, 30 Miss. R. 161.

2. SAME: HUSBAND TRUSTEE FOR WIFE.—The husband is regarded as a trus-
   tee for the wife whenever a disposition of her separate property for his
   benefit is attempted; and the rule applicable to ordinary trustees acquiring
   an interest in the trust-estate will be enforced in such cases with the great-
   est rigor.

3. SAME: AGREEMENTS BETWEEN INJURIOUS TO WIFE NOT PRESUMED.—
   Agreements between husband and wife in relation to her separate estate,
   which are injurious to her and beneficial to him, will not be presumed; but
   every reasonable intendment will be indulged to the contrary.  See *Miles
   & Adams* v. *Allen*, 36 Miss. R. 640.

4. SAME: SAME: CASE IN JUDGMENT.—If the husband, upon a joint deed for
   land being executed by himself and wife, take from the purchaser his note,
   payable to the husband or bearer, for the purchase-money, it will not be
   presumed to have been done with the consent of the wife; and her right to
   collect the note, or enforce the vendor's lien, will not be affected by an
   assignment of the note, or of a judgment recovered on it, by the husband
   to a party having notice that it was her separate property.

5. CHANCERY: EVIDENCE: RULE DENYING A DECREE AGAINST A DEFENDANT
   EXAMINED AS A WITNESS BY COMPLAINANT ABOLISHED BY REV. CODE.—
   The rule in chancery, which denied to the complainant a decree against a
   defendant whom he had examined as a witness upon a material point, is
   not founded on very satisfactory reasoning, and is abolished by the pro-
   visions of the Rev. Code allowing parties to the record to be examined as
   witnesses.

APPEAL from the Chancery court of Scott county.  Hon. John
Watts, chancellor.

This was a bill filed in the court below by Burks and wife to
subject a quarter section of land to the payment of the balance
due for the purchase-money thereof on a sale made by com-
plainants to one Daniel Jones in the year 1849.

The facts as they appear from the pleadings and proof are as follow:

Mrs. Burks was the owner of the land by gift from her father, and held the same under the Married Woman's Law of 1846. In 1849 she and her husband sold the same to Daniel Jones for four hundred and eighty dollars, the vendee paying a part of the purchase-money in cash, and executing his notes payable to M. H. Burks, the husband, or bearer. It does not appear whether Mrs. B. was present at the execution of the notes or not.

In 1851 suit was instituted on these notes, in the name of the husband, against Jones, and judgment recovered. Execution was issued and levied on the land, and it was sold in February, 1852, and the husband purchased it for one hundred and sixty-five dollars, which was credited on the execution.

Loggins and wife about that time purchased the land from Jones, and by the terms of the contract they were to pay the purchase-money due to Mrs. Burks; and they took a conveyance of the land from Jones, in form a deed, but not under seal.

After their purchase one Edwards bought of M. H. Burks the judgment against Jones, for a small sum, and soon afterwards transferred it to Loggins and wife for seventy-five dollars.

Loggins and wife were fully apprized, when they purchased, of Mrs. Burks' title, and they have not paid Jones for the land. The sale of the land under the judgment against Jones, when Burks became the purchaser, seems to have been treated by all the parties as invalid upon the ground that it was the only land owned by Jones and was therefore exempt from execution.

The bill makes no complaint of the conduct of the husband in taking the notes payable to himself, nor in relation to his having assigned the judgment to Edwards. The bill insists that the agreement made by Loggins and wife with Jones to pay the balance due to complainant created a lien in their favor on the land, and avers that Loggins kept this agreement secret, and complainant being ignorant of it, and regarding the judgment against Jones as worthless, the husband made the assignment as before stated; and the bill also alleges that this purchase by Edwards of the judgment against Jones was made for the use and at the instance of Loggins and wife.

Loggins and wife and Jones are made defendants, and the prayer is, that the land be sold for the payment of the balance due on the notes given by Jones, after deducting twenty-five dollars which the husband received from Edwards on the assignment made to him.

The deposition of Daniel Jones, proving the consideration of the notes, and the agreement made by Loggins and wife to pay the balance of the purchase-money due complainants, was taken on their behalf, and read by them at the trial, which took place in October, 1859.

The chancellor dismissed the bill, and complainants appealed.

*Harper* and *Shelby,* for appellants.

*W. P. Harris* and *A. G. Mayers,* for appellees.

HARRIS, J., delivered the opinion of the court:

This bill, in legal effect, is to be regarded as a bill filed by Susan E. Burks against the other parties thereto. Her husband, Milton H. Burks, can be regarded in no other light than as her trustee, having no beneficial interest in this litigation, but liable to be divested, in favor of the wife, of whatever interest he may have wrongfully possessed himself by the abuse of the confidential relation existing between them.

Any transaction by which the title of the separate property of the wife becomes vested in the husband is regarded with scrutiny and jealousy by the court; and it is incumbent on the husband to show that it was fair and honest, and such as in equity and good conscience the wife ought to have acceded to. *Pennington* v. *Acker et al.,* 30 Miss. R. 161.

The husband is regarded as trustee for the wife, whenever a disposition of her separate property is attempted to be made for his benefit; and the rules applicable to ordinary trustees acquiring an interest in the trust-estate will be enforced in such cases with the greatest rigor. Id.

Agreements between husband and wife, in relation to her separate estate, which are injurious to the wife and beneficial to the husband, *will not be presumed ; but every reasonable intendment*

*will be indulged to the contrary. Allen* v. *Miles & Adams,* 36 Miss. R. 640.

The bill states and the proof shows that the land sought to be subjected to the payment of the purchase-money due to the wife was her separate property, acquired since the Act of 1846, by gift from her father. It is further alleged and proved that the notes executed for the purchase-money were made payable to the said Milton H. Burks or bearer, without any proof of consent or agreement on the part of Mrs. Susan E. Burks (the complainant) thereto, or even of her knowledge thereof. It is further alleged and proved, that all the parties to this bill were fully cognizant of these facts, and especially that Loggins and wife knew that these notes due to Mrs. Susan E. Burks, though payable to her husband or bearer, were given for her land, and were still unpaid when they purchased said land from Daniel Jones, her vendee; and that Loggins and wife agreed with Jones to pay the said purchase-money still due to said Burks and wife.

The bill alleges and the proof shows that the said Loggins and wife have not paid *one cent* of the amount thus agreed by them to be paid, either to complainants or to said Jones; and now claim to hold said land under a *contract of sale* with said Daniel Jones, without paying for said land and without having any valid conveyance therefor.

The case is a naked one, between Mrs. Burks, as complainant, and her vendee and those holding under him, with full knowledge of her rights, and without having paid the purchase-money according to their agreement; Mrs. Burks seeking to enforce her equitable lien on said land as vendor.

If it is insisted that Mrs. Burks has no lien—that the notes are made payable to her husband, and he having obtained a judgment thereon in his name—*he* is to be regarded as the assignee of said notes, and such lien does not exist in favor of the wife or the assignee, her husband, under such circumstances.

The case of *Allen* v. *Miles & Adams,* already cited, settles this view of the case against appellees, and shows that such consent, agreement, or contract of the wife will not be presumed, in the absence of proof; but that every reasonable intendment will be indulged to the contrary. And the case of *Pennington* v. *Acker*

above cited also shows the extreme vigilance of the courts of equity in guarding the rights of the wife against the fraud or cupidity of the husband or others, by requiring proof that the transaction by which the wife is attempted to be divested of her rights or interests is "fair and honest, and such as in equity and good conscience the wife ought to have acceded to."

Here there is no pretence that there was even an understanding or agreement with the wife that the notes were to be taken in the name of her husband; much less that she was to be divested of the purchase-money for her land, and the same vested in her husband for his own benefit.

It is said the bill is filed *upon the judgment*, and not *upon the notes*. This is a mistake, as will be seen by reference to pages 7 and 8 of the bill. But, if this were true, it would not change the result, regarding the judgment as hers, and her husband but as her trustee, whose name is used for her benefit, and whose *legal* title in equity is but the title of the wife.

. No act of such trustee, prejudicial to the rights of the *cestui que trust*, will be deemed of any validity, without her lawful consent, in a court of equity, as between the husband and wife, or those deriving title from the husband with a knowledge of his bad faith or want of authority to deal with the trust-subject as his own. The acts of the husband inconsistent with the rights and interests of the wife in this case are simply void, and cannot deprive her of her equitable lien on the land to enforce the payment of the purchase-money due her. His transfer of the judgment, his sale and purchase of the land for one hundred and seventy-five dollars, and indeed every act prejudicial to her interests not shown to have been legally sanctioned by her, are all void.

. But it is again said that the lien of the wife for the purchase-money due on the sale of her land cannot be enforced against Jones, her vendee, because she has forced him to testify on the very points on which she seeks relief.

Whatever force there may have been in this rule under the English practice originally, (and we confess we are but little impressed with the reasoning upon which it is founded: see opinion of this court in *Stanton* v. *Green*, 34 Miss. R. 583,) yet,

since the passage of our Act (Rev. Code, 510) making parties to the suit or in interest competent witnesses, there can be no longer any force in it here.

It is insisted lastly that the conduct of Mrs. Burks in suffering *in silence* her husband to take the notes in his own name, and to assume the ownership of them, sue upon them, obtain judgment, &c., were acts of fraud and negligence upon her part, which should deprive her of her rights in relation thereto in this court. Even in a case where *innocent* parties were involved, a different rule was held in this court. *Palmer* v. *Cross*, 1 S. & M. 48. But in this case, where the wife is the only innocent party in the transaction—the victim of a faithless disregard of her rights and interests on all hands, with a full knowledge of what her rights and interests were on their part—the charge of *fraud* is the last suggestion *they* should have made.

The decree of the court below, dismissing the bill of complaint, was, in our judgment, clearly erroneous. A decree *in favor of the complainant*, Susan E. Burks, should have been rendered, setting aside the sale of the land under the execution and conveyance to her husband; also the transfer of the judgment by her husband to Edwards and Loggins; and also subjecting the land to the payment of the purchase-money due to Mrs. Susan E. Burks; and for an account to ascertain the amount due on said notes so given for said purchase.

Let the decree be reversed, and cause remanded for further proceedings in accordance with this opinion.